UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NOGALES, <br> CDCR #G-52536, <br><br> Plaintiff, <br><br> vs. <br><br> XAVIER BECERRA, in his official capacity as Attorney General, <br><br> Defendant. | Case No.: 3:19-cv-02485-LAB-WVG <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> **[ECF No. 13]** |

Plaintiff Jose Nogales, a prisoner currently incarcerated at Centinela State Prison, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion seeking partial reconsideration of this Court's April 15, 2020 Order. *See* ECF No. 13.

In its April 15, 2020 Order, the Court granted Plaintiff leave to proceed in forma pauperis, denied his request for appointment of counsel, and directed the U.S. Marshal to effect service of his Complaint. *See* ECF No. 9. While the Court found Plaintiff had pleaded claims sufficient to withstand the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A, it further found he failed to show that exceptional circumstances in his case justified appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See id.* at 3–6.

1

Plaintiff now asks the Court to reconsider that conclusion on grounds that "it is actually very clear that [he] is likely to succeed on the merits," and he "might be prejudiced" in his pursuit of his claims without "professional assistance." *See* ECF No. 13-1 at 2. Because Plaintiff fails to identify any intervening change in controlling law or show that the Court committed clear error in denying his original request however, his Motion for Reconsideration [ECF No. 13] must be DENIED.

**I.     Motion for Reconsideration**

   A.     <u>Standard of Review</u>

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. But where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at 1049. Thus, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* In fact, this Court's Standing Orders expressly disfavor requests for reconsideration and provide for their summary denial in the absence of (1) new evidence; (2) a change in controlling law; or (3) clear error. *See* S.D. Cal. Chief Judge Larry Alan Burns, "Standing Order in Civil Cases" § 3(e) (available at <u>http://web.casd.circ9.dcn/ judges/chambers-rules.aspx</u>) (last visited May 27, 2020).

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*,

42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

    B.    <u>Discussion</u>

Plaintiff cites three bases for his current request: (1) he contends his equal protection claims are properly raised in a civil rights action pursuant to 42 U.S.C. § 1983; *see* ECF No. 13–1 at 3–9; (2) he is likely to prevail on the merits of those claims; *id.* at 9–10; and (3) he is "not a legal professional" and "may very well be prejudiced" in pursuing his claim without the assistance of counsel. *Id.* at 10–12.

None of these reasons warrant reconsideration of the Court's April 15, 2020 Order denying appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), however. Specifically, the Court has already found Plaintiff's equal protection claims sufficient to withstand the initial screening required by 28 U.S.C. § 1915(e)(2) and § 1915A, *see* ECF No. 9 at 9, directed the U.S. Marshal to effect service upon Defendant Becerra so that he must respond, *id.*, at 10–77, and determined that while it is simply "too soon to tell whether he is likely to succeed on the merits," nothing in Plaintiff's Complaint "suggests he is incapable of articulating the factual basis for his … claims." *Id.* at 4–5. Plaintiff points to no new evidence not previously considered, no clear error in the Court's analysis, and no change in the controlling law governing the appointment of counsel in civil cases. *See Wood*, 759 F.3d at 1121.

In fact, Plaintiff's claims of being hampered by his lack of legal training are belied by the arguments he makes in his current motion, which demonstrates a clear and cogent

understanding of this Court's April 15, 2010 Order and the legal distinctions between civil rights and habeas jurisdiction, discusses those differences in the context of his case, and includes citations to relevant case law. *See* ECF No. 13–1 at 3–10; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (when determining whether "exceptional circumstances" exist justifying the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the legal issues involved."); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no exceptional circumstances warranting counsel where pro se prisoner did a "good job putting on his case," was "well-organized, made clear points, and presented [] evidence effectively.").

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Motions for reconsideration, like the one Plaintiff has filed in this case, do not offer parties a "second bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001), and may not "be used to ask the Court to rethink what it has already thought." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) (citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.").

Plaintiff disagrees with the Court's assessment as to whether his case presents the "exceptional circumstances" required to justify appointment of counsel in an indigent litigant's civil case. *See Ageyman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). But ultimately, as the party seeking reconsideration, he must do "more than

disagree[] with the Court's decision," or offer a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## II. Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED** (ECF No. 13).

**IT IS SO ORDERED**.

Dated: June 2, 2020

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge