1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10
11  JOSE NOGALES,                          Case No.: 19-CV-2485-LAB(WVG)
12                        Plaintiff,       **REPORT AND**
13  v.                                     **RECOMMENDATION ON**
                                           **DEFENDANT'S MOTION TO**
14  XAVIER BECERRA,                        **DISMISS**
15                        Defendant.       **[Doc. No. 15.]**
16
17

18      Plaintiff, a state prisoner, claims his exclusion from recent changes to California

19  state prosecutors' ability to charge 14- and 15-year-old defendants as adults violates his

20  rights under the Equal Protection Clause of the Fourteenth Amendment. Through this 42

21  U.S.C. § 1983 action, he asks the Court to make this declaration and seeks the application

22  of the statutory changes to himself and other excluded prisoners. As explained below, this

23  Court RECOMMENDS that Defendant's motion to dismiss be GRANTED-IN-PART and

24  the Complaint be DISMISSED without leave to amend.

25                          **I.     BACKGROUND**

26  **A.     Complaint's Allegations**

27      Plaintiff was 14 years old in 2007 when he was tried as an adult, convicted of two

28  counts of second-degree murder and one count of shooting at an inhabited dwelling, and

sentenced to 80 years-to-life in prison. Then, in 2019, the California Legislature enacted Senate Bill 1391, which amended California Welfare and Institutions Code section 707, "effectively bringing to an end to the practice of charging 14 and 15-year-old offenders as adults." (Doc. No. 1 ¶ 1.) However, the amendment did not apply to final convictions, and since Plaintiff's conviction was final by the time SB 1391 was enacted, "the State has repeatedly denied [Plaintiff's] request to have his case transferred to juvenile jurisdiction." (*Id.* at ¶¶ 3-4.)

Plaintiff alleges this denial constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment because SB 1391 only applies to 14- and 15-year-old offenders who do not have finalized convictions and not persons, such as himself, whose convictions are final. Plaintiff also alleges it is a violation of the Equal Protection Clause that he continues to be subject to the provisions of California Penal Code section 3051, which allows for parole hearings only every 15, 20, or 25 years, while juvenile offenders covered by SB 1391 are not subject to such restrictions.

**B.    Background of Prior Habeas Corpus Petitions**

Although this is Plaintiff's first section 1983 lawsuit, he has previously filed two habeas petitions. The first petition was filed in this Court in 2011 and challenged the evidentiary findings in Plaintiff's underlying conviction. *Nogales v. McDonald*, No. 11CV2146-IEG(BLM), 2012 U.S. Dist. LEXIS 65752 (S.D. Cal. Feb. 22, 2012), report and recommendation adopted sub nom. *Nogales v. McDonald*, No. 11CV2146-IEG(BLM), 2012 U.S. Dist. LEXIS 65768 (S.D. Cal. May 10, 2012), aff'd, 624 F. App'x 608 (9th Cir. 2015).

The second petition was filed on March 20, 2019, in the San Diego Superior Court. It was identical to the present suit and alleged, among other things, that SB 1391 and California Penal Code section 3051 violated the Equal Protection Clause. The State trial court issued an order denying the petition with prejudice and addressed the merits of Plaintiff's arguments. Plaintiff then petitioned the California Court of Appeal, Fourth Appellate District, Division One. The appellate court issued an opinion denying the petition

on the merits. Plaintiff filed a petition for review in the California Supreme Court, and the petition was denied on November 13, 2019. Plaintiff filed a petition for writ of certiorari in the United States Supreme Court, which was denied on June 12, 2020.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to bring a motion arguing that a complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). More specifically, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim meets this requirement when the facts pled "allow . . . the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* at 677 (citing *Twombly*, 550 U.S. at 557). Although a claim need not be probable on its face, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" do not equate to a facially plausible claim. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678. This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

### III.   DISCUSSION

### A.   Plaintiff May Pursue a Section 1983 Action

Taking Defendant's arguments out of order, the Court first addresses whether this action can be pursued at all under section 1983 or must be brought as a habeas corpus action. Defendant argues that Plaintiff's sole remedy is a writ of habeas corpus. The Court disagrees. Because success on the merits would not *necessarily* lead to Plaintiff's immediate or speedier release, the nature of his claims is therefore "outside the core of habeas corpus," and he may continue with this 1983 action.

### 1.   Legal Background

#### a.   Habeas Corpus

Generally, a prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003). However, if success on the merits of a prisoner's claim would not "necessarily lead to immediate or speedier release from custody," they fall outside the "core of habeas corpus" and "must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983." *Nettles*, 830 F.3d at 927-28; *see, e.g.*, *Borstad v. Hartley*, 668 F. App'x 696, 697 (9th Cir. 2016) (success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences.").

In crafting jurisprudence on this subject, the Supreme Court "has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). The Court's line of cases "taken together, indicate

that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

### b.     Proposition 57 and Senate Bill 1391

On November 8, 2016, California voters approved Proposition 57, a ballot measure that amended California's constitution to remove prosecutors' discretion to initiate prosecutions against minors directly in a court of criminal jurisdiction and instead required prosecutors to file a motion to transfer the minor out of juvenile court. *See generally Davis v. San Joaquin Sup. Ct.*, No. 18-CV-2264-KJN(P), 2019 U.S. Dist. LEXIS 90071, at *8-9 (E.D. Cal. May 29, 2019). Here, if Plaintiff sought relief under only Proposition 57, then this case would fall outside the core of habeas corpus because Proposition 57 would only have entitled him to a parole *consideration* hearing rather than immediate release or the certainty of a lower sentence. *See Smith v. Pearman*, No. 19CV3683-SI, 2019 U.S. Dist. LEXIS 172923, at *3-6 (N.D. Cal. Oct. 4, 2019) (finding Proposition 57 created only a new avenue for parole consideration and parole could be denied). However, Plaintiff seeks relief not under Proposition 57, but exclusively under California Senate Bill 1391.

In 2018, the California Legislature enacted SB 1391 which amended California Welfare and Institutions Code section 707 to altogether "'eliminate prosecutors' ability to seek transfer hearings for 14 and 15 year olds, [and] effectively rais[ed] the minimum age a child can be tried as an adult from 14 to 16.'" *White v. Madden*, No. 19CV8940-SVW(JDE), 2019 WL 7020682, at *1 n.1 (C.D. Cal. Dec. 19, 2019) (quoting *B.M. v. Sup. Ct.*, 40 Cal. App. 5th 742, 746 (Cal. Ct. App. 2019)). Thus, Plaintiff, who was 14 at the time of his offense, would have fallen squarely with SB 1391's changes to the law and could not have been tried as an adult had this statutory change been in effect in 2007, when he was convicted. He now seeks the benefit of this change despite his conviction being final long before SB 1391 went into effect.

### 3.   Discussion

Defendant contends that the effect of Plaintiff prevailing in this suit would be his transfer to juvenile custody and then his immediate release from custody given his current age. That is because persons committed to juvenile custody must be discharged by either 21, 23 or 25 years of age depending on the offense and length of sentence, and Plaintiff—at 27 years old—is older than any of these age caps. However, what Defendant does not acknowledge is that a person subject to these age caps could be further detained by the juvenile court upon application of California Welfare and Institutions Code sections 1769(b) and 1800(a). Specifically, section 1800(a) provides:

> Whenever the Division of Juvenile Facilities determines that the discharge of a person from the control of the division at the time required by Section 1766, 1769, 1770, or 1771, as applicable, would be physically dangerous to the public because of the person's mental or physical deficiency, disorder, or abnormality that causes the person to have serious difficulty controlling his or her dangerous behavior, the division, through the Director of the Division of Juvenile Justice, shall request the prosecuting attorney to petition the committing court for an order directing that the person remain subject to the control of the division beyond that time. . . . The petition shall be accompanied by a written statement of the facts upon which the division bases its opinion that discharge from control of the division at the time stated would be physically dangerous to the public . . . .

The California Supreme Court has interpreted this statute as requiring "that the mental deficiency, disorder, or abnormality causes him to have serious difficulty controlling his dangerous behavior." *In re Howard N.*, 106 P.3d 305, 315 (Cal. 2005); *see also In re Lemanuel C.*, 158 P.3d 148, 151 (Cal. 2007). This process allows a person to be civilly committed for two-year terms indefinitely beyond the age of 25. *In re Howard N.*, 106 P.3d at 309; Cal. Welf. & Inst. Code. § 1802; *see also In re Edward C.*, 167 Cal. Rptr. 3d 536, 545 (Cal. Ct. App. 2014) ("[W]e are cognizant that a ward committed to [Division of Juvenile Facilities] may be detained past the age of 21 (or 25, for a § 707, subd. (b) offense) when a petition is sustained under section 1800 et seq., which allows for an extended commitment in two-year increments"). Accordingly, because Plaintiff—who was

convicted of murdering two people—could remain in custody for two-year increments potentially for the rest of his life, Defendant is incorrect that success on the merits here will necessarily lead to Plaintiff's immediate release and that this case is within the core of habeas corpus as a result.

This case is similar to cases where prisoners' success on the merits would grant them only eligibility for parole consideration. In such cases, the prisoner is only entitled to consideration to be paroled rather than automatic parole and release from custody. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term."). In Plaintiff's case, he does not expressly seek immediate release from custody. Although that may be the result he ultimately desires, his release will not *necessarily* be a foregone conclusion given that Welfare and Institutions Code section 1800 provides the State an avenue to secure his continued civil commitment *in perpetuity*. The Court acknowledges that section 1800 commitments appear narrow, unlike parole considerations which could be denied based on a host of reasons. However, given the lack of information before this Court, this Court is unable to declare at this time that Plaintiff will not be subject to a section 1800 commitment such that success in this case *will* result in his immediate release from custody.

Additionally, the Supreme Court has made section 1983 suits available to prisoners who challenge procedures related to their sentence rather than the conviction or sentence itself. In *Wilkinson v. Dotson*, the two plaintiffs did not seek "an injunction ordering [their] immediate or speedier release into the community," but rather sought "relief that w[ould have] render[ed] invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson)." *Wilkinson*, 544 U.S. at 82. Likewise, Plaintiff challenges a State procedural rule—one that applies SB 1391's age limitation changes to Welfare and Institutions Code section 707 to one class of prisoners but not another. (Doc. No. 1 at ¶ 23

("Specifically, the underinclusive statute creates two classes, (1) any 14 or 15 year old offender whose judgment has yet to reach a state of finalization (those whom the statute affects); and (2), any 14 or 15 year old offender whose judgment is finalized (those whom the statute excludes). Plaintiff is a member of the second class, which is obviously the disfavored class."); ¶ 9 ("Plaintiff does not seek an injunction to nullify the amendment, but instead an injunction to extend the benefits of the amendment to the excluded class.").)

In sum, suit under section 1983 is available to Plaintiff here because his claims lie outside the "core of habeas corpus." He does not expressly seek his immediate release from custody or challenge his conviction, and the relief he seeks will not *necessarily* result in his immediate release or a shorter term. Defendant's motion to dismiss should be denied in this regard.

## B.     Plaintiff Fails to State an Equal Protection Claim

Plaintiff claims Defendant violates his Fourteenth Amendment Equal Protection rights because prisoners whose convictions are final are excluded from the juvenile court transfer procedures in SB 1391. He seeks expansion of the application of these procedures to otherwise ineligible persons like himself. However, as explained below, he fails to state an Equal Protection claim and cannot cure the pleading deficiencies if provided leave to amend.

The Fourteenth Amendment's Equal Protection Clause provides that no state shall deny to any person "the equal protection of the laws." U.S. Const. amend. XIV. The Equal Protection Clause ensures that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish a violation, Plaintiff must demonstrate that he was similarly situated to others who received preferential treatment, *City of Cleburne, Tx. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993), and that there existed a discriminatory motive or intent for that different treatment. *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999); *Thomas v. Borg*, 159 F.3d 1147, 1150 (9th Cir. 1998). However, the retroactivity of a state change of law is a state law question. *See Pulley v.*

*Harris*, 465 U.S. 37, 42 (1984); *accord Davis v. San Joaquin Sup. Ct.*, No. 18CV2264-KJN(P), 2019 U.S. Dist. LEXIS 90071, at *10 (E.D. Cal. May 29, 2019); *Peeler v. Kabban-Miller*, No. S-11-1785(MCE)(GGH)(P), 2012 U.S. Dist. LEXIS 82874, at *12-13 (E.D. Cal. 2012). The mere invocation of the Constitution is insufficient to convert a claim based on state law into a federal one. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A claimant] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process.").

Here, the two similarly situated classes Plaintiff identifies are treated differently by the State only on the basis of the finality of their convictions. (Doc. No. 1 ¶¶ 9, 23.) The State has chosen to retroactively apply SB 1391 only to 14- and 15-year-olds whose convictions are not final. However, the Equal Protection Clause does not mandate that a prisoner whose conviction is final must receive the benefit of a change in state law that might have benefitted him if his conviction had not been final at the time of the change. *See Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 (1911) ("[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time."); *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) ("There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system.") (citations omitted); *Jones v. Cupp*, 452 F.2d 1091, 1093 (9th Cir. 1971) ("There is nothing unconstitutional in a legislature's conferring a benefit on prisoners only prospectively.") (internal quotation marks and citation omitted); *Haney v. Muniz*, No. 16CV9388-VBF-JC, 2020 U.S. Dist. LEXIS 75733, at *65 (C.D. Cal. Feb. 7, 2020); *Drawn v. Nueschid*, No. 19CV2150-SI, 2019 U.S. Dist. LEXIS 178497, at *25-28 (N.D. Cal. Oct. 15, 2019); *Sanchez v. Allison*, No. CV-10-8190-JLS(CW), 2014 U.S. Dist. LEXIS 176815, at *11 (C.D. Cal. Nov. 5, 2014); *Archuleta v. Miller*, No. ED-CV13-1045-GW (PLA), 2014 U.S. Dist. LEXIS 83111, at *38-42 (C.D. Cal. Feb. 19, 2014); *Brown-Monroe v. McDonald*, No. CV10-5076-MWF(RNB), 2012 U.S. Dist. LEXIS 175726, at *56-57 (C.D. Cal. Sept. 10, 2012); *Peeler v. Kabban-Miller*, No. CIV-

S-11-1785, 2012 U.S. Dist. LEXIS 82874, at *13-15 (E.D. Cal. June 14, 2012). Simply put, Plaintiff's allegations do not invoke the Equal Protection Clause and are not cognizable under section 1983.

Furthermore, to state an Equal Protection claim, Plaintiff must allege that Defendant intentionally discriminated against him based on his membership in a protected class. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). But Plaintiff fails to make any such allegation here, and he cannot do so in any event because "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) ("[P]risoners are not a suspect class . . . ."); *McQueary v. Blodgett*, 924 F.2d 829, 834-35 (9th Cir. 1991) ("Inmates are not entitled to identical treatment as other inmates merely because they are all inmates."); *United States v. Smith*, 818 F.2d 687, 691 (9th Cir. 1987) ("[P]ersons convicted of crimes are not a suspect class."). Thus, Plaintiff cannot allege he is a member of a protected class for purposes of his Equal Protection claim.

For these two independent reasons, the Court should find that Plaintiff's Complaint fails to state a claim upon which section 1983 relief can be granted and dismiss Plaintiff's Equal Protection claims without leave to amend. *Accord Stephens v. Kunz*, No. CV19-1008-AB(KS), 2019 U.S. Dist. LEXIS 212017, at *10-11 (C.D. Cal. Sept. 18, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 212014 (C.D. Cal. Dec. 6, 2019) (dismissing prisoner's Proposition 57 equal protection claims without leave to amend).

**C.    Res Judicata**

### 1.    Legal Standard: Res Judicata

Generally, the preclusive effect of a prior judgment is referred to as res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Res judicata includes both claim preclusion and issue preclusion. *Americana Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). Claim preclusion, which is at issue here, treats a judgment that has been

previously entered as the full measure of relief between the same parties on the same claim or cause of action and prevents relitigation for all grounds of recovery or defenses that were previously available to the parties regardless of whether they were asserted or decided in the prior proceeding. *Americana Fabrics, Inc.*, 754 F.2d at 1529; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

"Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850 (9th Cir. 1986) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)); *see also Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 784 (9th Cir. 1986). Accordingly, California law determines the preclusive effect of a state court judgment.

Under California law, claim preclusion is the "primary aspect" of res judicata and "acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015). "Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *Id.* "If claim preclusion is established, it operates to bar relitigation of the claim altogether." *Id.*; *see also Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 344 (Cal. 2010) ("The doctrine of res judicata prohibits a second suit between the same parties on the same cause of action.")

"The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). "It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979).

/ / /

/ / /

19-CV-2485-LAB(WVG)

## 2.    Whether the action involves the same primary rights

To determine whether the Plaintiff's state court habeas petition and this action involve identical causes of action for the purposes of claim preclusion, California applies a "primary rights theory." *Boeken*, 48 Cal. 4th at 797. For the purposes of claim preclusion, the phrase "cause of action" has a precise meaning. *Id.* at 798. "The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.*; *see also Hi-Desert Med. Ctr. v. Douglas*, 239 Cal. App. 4th 717, 734 (Cal. Ct. App. 2015), as modified (Sept. 15, 2015) ("The fact that the [plaintiff] may be pursuing or adding a different remedy for the same injury does not create a new primary right."). "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Boeken*, 48 Cal. 4th at 798. Therefore, the determinative factor under the primary rights theory is the harm suffered, and where two actions involve the same parties and are seeking the same compensation for the same harm, they generally involve the same primary right. *Id.*

In state court, Plaintiff appealed the denial of his habeas petition on several grounds. As is relevant here, he argued that "to the extent the Legislature did intend to withhold the benefits of SB 1391 from finalized cases, petitioner asserts this discrimination is arbitrary and violates his equal protection rights under the Fourteenth Amendment of the United States Constitution . . . and as such this court must either render the changes of SB 1391 void or extend the benefits of those changes to him." (Doc No. 15-2 at 43.)[1] In the instant action, Plaintiff seeks relief for the same alleged harmed suffered. In Count One, he contends that "California's 2019 amendment, Senate Bill No. 1391, to its Welfare and Institutions Code § 707 violates the Equal Protection Clause of the Fourteenth Amendment." (Doc. No. 1 at ¶ 20.) In both the state habeas petition and the Complaint in

---

[1] The Court takes judicial notice of all state court documents lodged by Defendant. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001).

19-CV-2485-LAB(WVG)

1  this action, he continues to assert the State has created separate classes of persons and
2  discriminated against juveniles with final judgments in their criminal cases. He concludes
3  in both actions that such classification and denial of retroactive application of the amended
4  statutes violates the Equal Protection Clause. Thus, the primary right he seeks to vindicate
5  is materially indistinguishable between the two actions.

6      Next, in his state habeas petition, Plaintiff also contended that "after the enactment
7  of SB 1391, the portion of section 3051 that affects people who committed a crime at 14
8  or 15 years old violates the Equal Protection Clauses of both the state and federal
9  constitutions . . . ." (Doc. No. 15-2 at 61.) In the Complaint in this action, Plaintiff contends
10 that "the enactment of Senate Bill No. 1391 has rendered California Penal Code § 3051
11 unconstitutional [and] as of January 1, 2019, Penal Code § 3051, as it applies to 14- and
12 15-year-old offenders, violates the Equal Protection Clause of the Fourteenth
13 Amendment." (Doc. No. 1 at ¶ 33.) Thus, in both actions, he contends section 3051
14 impermissibly creates classifications and discriminates against those with final judgments
15 in their criminal cases with respect to parole eligibility restrictions. Again, the primary
16 rights asserted in both actions are materially indistinguishable as they relate to section
17 3051.

18     In sum, the primary rights involved in this action are identical to the claims raised in
19 Plaintiff's unsuccessful state habeas petition. Accordingly, the claims that Plaintiff is
20 attempting to relitigate in this action are entitled to res judicata effect under California law.

21     **3.      Whether the suits involve the same parties or those in privity**

22     California claim preclusion applies where the party "against whom the doctrine is
23 being asserted was a party or in privity with a party to the prior adjudication." *In re Anthony*
24 *H.*, 129 Cal. App. 4th 495, 503 (Cal. Ct. App. 2005). "[P]rivity requires the sharing of 'an
25 identity or community of interest,' with 'adequate representation' of that interest in the first
26 suit, and circumstances such that the nonparty 'should reasonably have expected to be
27 bound' by the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 826 (Cal. 2015)
28 (quoting *Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 875 (Cal. 1978)).

19-CV-2485-LAB(WVG)

1    Generally, a person who is not a party to an action is not entitled to the benefits of
2    res judicata. However, where "two parties are so closely aligned in interest that one is the
3    virtual representative of the other, a claim by or against one will serve to bar the same claim
4    by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993).
5    Moreover, "[t]here is privity between officers of the same government so that a judgment
6    in a suit between a party and a representative of the [government] is res judicata in
7    relitigation of the same issue between that party and another officer of the government."
8    *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940); *see also Scott v.*
9    *Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (same); *Gonzales v. Cal. Dep't of Corr.*,
10   782 F. Supp. 2d 834, 839 (N.D. Cal. 2011) (section 1983 complaint and state habeas
11   proceedings involved "the same prison officials, even though the form of the action in state
12   court (i.e., a habeas petition) led plaintiff to identify as the adverse party his custodian
13   rather than the individual wrongdoers").

14   Here, Plaintiff named warden Raymond Madden as the respondent in the appeal of
15   the state habeas petition before the California Court of Appeal and named Attorney General
16   Xavier Becerra in his official capacity in this case. Both Madden and Becerra are
17   representatives of the State, and their interests in the upholding the challenged statutes are
18   closely aligned. Indeed, it has never mattered to Plaintiff who the named defendants in
19   these actions were since the only remedy he has sought is to have *the State* be compelled
20   to remand him to the jurisdiction of the juvenile court. The State—represented by Madden
21   in the habeas petition and by Becerra in this action—has been Plaintiff's target all along.
22   Accordingly, the requirement that the action be between the same parties or parties in
23   privity is met.

24   **4.    Whether there was a final decision on the merits in the state action**

25   In order for res judicata to bar Plaintiff's due process claim, the prior decision must
26   be final and on the merits. *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*,
27   60 Cal. App. 4th 1053, 1065 (Cal. Ct. App. 1998). "[A] final decision on the merits . . .
28   includes any prior adjudication of an issue in another action that is determined to be

sufficiently firm to be accorded conclusive effect." *Id.* (internal quotations and citation omitted). For a decision to be final and on the merits, it "means that the court must finally resolve the rights of the parties on the substance of the claim, rather than on the basis of a procedural or other rule precluding state review of the merits." *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005); *see also Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001)) (stating that only a judgment that "actually passes directly on the substance of a particular claim before the court . . . triggers the doctrine of res judicata or claim preclusion."); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052, n.4 (9th Cir. 2005).

Here, both state court habeas petitions were clearly decided on the merits, as both the trial and appellate courts provided reasoned bases for denying the petitions and rejecting Plaintiff's Equal Protection Clause claims. Plaintiff's petitions for review before the Supreme Court of California and for certiorari before the U.S. Supreme Court were both denied as well. Both were based on substantive law and not procedural rulings. This element is satisfied.

## 5. Conclusion

Based on the foregoing, all three elements for applying res judicata are satisfied. Plaintiff was given an opportunity to litigate his Equal Protection claim in the state habeas petition and is now impermissibly attempting to relitigate identical claims recast as a civil rights action.[2] This action is accordingly barred, and the Complaint should be dismissed without leave to amend for this additional reason.

_____

[2] It is irrelevant that the state actions were habeas petitions and the instant action is under section 1983. *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (holding that "*reasoned* denials of California habeas petitions, as in this case, do have claim-preclusive effect [on later federal civil actions]") (emphasis in original); *see Silverton v. Dept. of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.");

19-CV-2485-LAB(WVG)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

This Court RECOMMENDS that Defendant's motion to dismiss be GRANTED-IN-PART and the Complaint be DISMISSED without leave to amend.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that **no later than January 22, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties **no later than February 5, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: December 9, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge

---

*see also Taylor v. Grannis*, 2010 U.S. Dist. LEXIS 121103, 2010 WL 4392578, at *4-5 (N.D. Cal. Oct. 29, 2010) (applying California law and finding a federal civil rights action was barred by an earlier state habeas proceeding).

19-CV-2485-LAB(WVG)