# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NOGALES,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>XAVIER BECERRA,<br><br>　　　　　　　　Defendant. | Case No.:  19cv2485-LAB-WVG<br><br>**ORDER:**<br><br>**1) ADOPTING REPORT AND RECOMMENDATION [Dkt. 23]; and**<br><br>**2) GRANTING MOTION TO DISMISS [Dkt. 15]** |

　　　　Plaintiff Jose Nogales, currently incarcerated in state facilities, claims that his exclusion from the benefits of a recent change in California state law violates his rights under the Equal Protection Clause of the Fourteenth Amendment. In 2007, the then-14-year-old Nogales was tried as an adult and convicted of two counts of second-degree murder and one count of shooting at an inhabited dwelling. He was sentenced to imprisonment for 80 years to life. In 2019, though, Senate Bill 1391 "effectively rais[ed] the minimum age a trial can be tried as an adult from 14 to 16." *White v. Madden*, No. 19cv8940-SVW(JDE), 2019 WL 7020682, at *1 n.1  (C.D. Cal. Dec. 19, 2019). If this law were in place when Nogales was tried, he could not have been tried as an adult and he would have been subject to more lenient sentencing. But SB 1391 didn't apply to defendants whose convictions were final before its passage. Nogales, now older than 25,

seeks declaratory and injunctive relief requiring that he be afforded the benefits of SB 1391, as he would have been had he not had a final conviction prior to that bill's enactment.

Defendants moved to dismiss, and that motion was referred Magistrate William Gallo for a Report and Recommendation. *See* 28 U.S.C. § 636. Judge Gallo's R&R recommended that the Court dismiss Nogales's claims on two grounds: First, that the right to equal protection of the laws doesn't require new laws to have retroactive effect, *see Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 (1911) ("[T]he 14th Amendment does not forbid statutes and statutory changes . . . to discriminate between the rights of an earlier and later time."), and Nogales doesn't allege intentional discrimination; Second, that Nogales's claims under Section 1983 are precluded by the state courts' prior disposition of his habeas petition. The R&R also addressed Defendants' contention that Nogales could not assert his claims under Section 1983 because they fall within the core of habeas corpus, recommending that the Court reject this argument.

The Court has reviewed the briefing, the R&R, Nogales's objection, and the Defendants' response *de novo*. It **ADOPTS** the R&R **IN PART**. Contrary to Nogales's objection, this isn't a case about unequal treatment of juvenile offenders based on their membership in that suspect class. The difference that Nogales claims as the basis for discrimination is the timing of his conviction, not his status as a juvenile offender: "Plaintiff is asserting he is a 'juvenile offender with a finalized conviction' that is entitled to equal treatment as other juvenile offenders whose convictions are not yet finalized but who were convicted of the same offenses . . . at the exact same age." (Dkt. 23 at 4; *see also id.* at 11 ("[T]he 14-year old youth offenders who are excluded from the benefits of § 3051 are now treated more favorably than those to whom they apply.").)

Where a prisoner claims that one group of prisoners is treated differently from another based solely on the timing of their convictions relative to the passage

of an applicable statute, rational basis review applies. *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991). Because "improvement in sentencing is [a] rational governmental purpose[,] . . . [t]here is no denial of equal protection in having persons sentenced under one system for crimes committed before [a certain date] and another class of prisoners sentenced under a different system." *Id.* Nogales hasn't alleged and can't allege that his sentencing under the harsher regime in effect at the time of his conviction is a denial of equal protection. Both of his claims build from that faulty premise, so both fail to state a claim.

Because this is sufficient to dispose of Nogales's claims, the Court doesn't reach the questions of whether Nogales's claims are precluded by his prior habeas petition and whether those claims can't be asserted under § 1983 because they fall within the core of habeas corpus.

The motion to dismiss is **GRANTED**, (Dkt. 15), and because Nogales can't establish a violation of Equal Protection based on the timing of his conviction relative to SB 1391, his claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 15, 2021

*Larry A. Burns*
**Hon. Larry Alan Burns**
United States District Judge